**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| CARLOS ALVARADO-CASTILLO, BOP REG. NO. 55664-019, Movant, | : : : : | CRIMINAL INDICTMENT NO. 2:04-CR-0042-2-RWS |
| v. | : : : | CIVIL ACTION NO. 2:09-CV-0075-RWS |
| UNITED STATES OF AMERICA, Respondent. | : : : : | |

## ORDER AND OPINION

Movant, currently confined at FCI-Atlanta, seeks via 28 U.S.C. § 2255 to challenge the Bureau of Prisons' calculation of his sentence. The matter is before this Court on: the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 423]; the Government's response [Doc. 426]; and Movant's reply [Doc. 427].

I.  Background

On March 10, 2006, pursuant to a negotiated plea agreement, Movant pled guilty to conspiracy to commit acts of racketeering. (Doc. 367.) As part of the plea agreement, Movant waived his right to appeal or collaterally attack his sentence. (Doc. 367, attached plea agreement.) On August 15, 2006, Movant was

sentenced to 70 months imprisonment to be followed by 36 months on supervised release. (Docs. 393 and 394.) At the time Movant filed this action, he had a projected release date of February 25, 2012. (Doc. 423, Exhibit A at 3.) Movant's projected release date has since been changed to January 21, 2010. (www.bop.gov).

On May 5, 2009, Movant executed this 28 U.S.C. § 2255 motion to vacate sentence, and that is the date it is deemed filed. See Rule 3(d) of the Rules Governing Section 2255 Proceedings. (Doc. 423.) Movant states that, despite being held at the Hall County Jail, he was in "exclusive federal custody" as of November 12, 2004. (Id. at 5.) Movant claims that "the BOP has erroneously computed Movant's sentence to begin running on January 8, 2007." (Id. at 4; Doc. 423, Exhibit A.) Movant seeks an order directing the BOP to give him full credit for time served in federal custody while being held in the Hall County Jail. (Doc. 423 at 5.)

Movant also maintains that defense counsel was ineffective for failing to contact the BOP about the erroneous date, January 8, 2007, used to compute his federal sentence. (Id.) In support, Movant provides three letters from Attorney William A. Morrison indicating that he would pursue this matter. (Doc. 423,

2

Exhibits B and C.) Finally, Movant argues that the Government's failure to contact the BOP about the proper date he was taken into federal custody constitutes prosecutorial misconduct. (Doc. 423 at 6-7.)

On June 8, 2009, the Government filed its response. (Doc. 426.) The Government maintains that this motion to vacate sentence is time-barred. (Id. at 2-6.) In the alternative, the Government argues that this motion should be construed as a 28 U.S.C. § 2241 habeas corpus petition and dismissed for lack of exhaustion. (Id. at 6-10.)

In his reply, Movant contends that his motion to vacate sentence was filed within one year of discovering that counsel was no longer actively representing him regarding this matter. (Doc. 427 at 1.) Movant also argues that since the "inaccurate information [is] contained in the record," the Government should simply contact the BOP "to confirm to the Federal Bureau of Prisons the date that he became a federal inmate exclusively." (Id. at 3.)

II. Discussion

As noted above, Movant now has a projected release date of January 21, 2010. Therefore, the BOP may have granted Movant his requested relief.

3

However, neither party has informed this Court whether the issues raised have been fully resolved. Therefore, this Court will review the arguments put forth by Movant and the Government.

"The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotation omitted); William v. Pearson, 197 F. App'x 872, 876 (11th Cir. 2006) (unpublished opinion). In contrast, "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).

Movant is not challenging any aspect of his conviction or the sentence imposed by this Court. Instead, Movant alleges that the BOP has erroneously calculated the date his federal sentence began by failing to credit him with time served in the Hall County Jail. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). A district court has no authority to compute the credit for time served at sentencing. Id. 334-35. Similarly, "after a defendant is sentenced, it falls to BOP, not the district judge, to

4

determine when a sentence is deemed to commence." United States v. Wells, 473 F.3d 640, 645 (6th Cir. 2007) (internal quotation omitted). Thus, Movant is challenging the manner is which the BOP is executing his sentence, and this action should be brought under 28 U.S.C. § 2241. See Lopez v. Davis, 531 U.S. 230, 232-34 (2001) (a challenge to a BOP regulation or policy should be brought pursuant to § 2241); Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) ( "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."). Movant's claims of ineffective assistance of counsel and prosecutorial misconduct do not alter this conclusion. Those claims concern the alleged failure of the Government and counsel to provide the proper information to the BOP after sentencing. In other words, the Government and counsel are being accused of contributing to the BOP's alleged failure to execute Movant's sentence properly. Having determined that this action should be brought under § 2241, this Court need not address the question of whether this action was filed within the one-year statutory limitation period for filing a § 2255 motion to vacate sentence. See 28 U.S.C. § 2255(f).

5

"Federal regulations have afforded prisoners administrative review of the computation of their credits, . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." Wilson, 503 U.S. at 335 (internal citations omitted). It is well-settled in this Circuit that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (affirming the dismissal of a federal prisoner's § 2241 petition for failure to exhaust administrative remedies); see also 28 C.F.R. §§ 542.10-.15 (setting forth the BOP's three-tier administrative review procedures). "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Movant concedes that he has only pursued the first two steps of the BOP's remedial procedures. (Doc. 427 at 4; Doc. 427, Exhibit D.) Therefore, Movant has failed to exhaust his available administrative remedies, and this action should be dismissed without prejudice. See Skinner, 355 F.3d at 1295.

AO 72A
(Rev.8/82)

III. <u>Conclusion</u>

**IT IS ORDERED** that this 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 423], construed as a 28 U.S.C. § 2241 habeas corpus petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this  10th  day of September, 2009.

_/s/ Richard W. Story_

**RICHARD W. STORY**
United States District Judge

7